UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LUCAS, | Case No.: 1:19 CV 2102 |
| Plaintiff, | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CUYAHOGA COUNTY COURT OF COMMON PLEAS, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

*Pro se* Plaintiff Charles Lucas filed this action against the Cuyahoga County Court of Common Pleas. In the Complaint, Plaintiff generally avers that criminal defendants are not physically present for all proceedings related to their cases, are held in bullpens without adequate seating waiting to be called for hearings, are sent for psychiatric evaluations to delay the trial, are assigned ineffective counsel to represent them, and are charged with the highest degree of offenses so that a high bond can be set. He asserts general violations of the United States and Ohio Constitutions and Ohio Rules of Criminal Procedure. He seeks to bring this action on behalf of himself and thirty-one other inmates, and requests monetary damages of $ 800,000,000.00 to be divided equally between himself and the inmates.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to

draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

As an initial matter, this case cannot proceed because Plaintiff has not named a proper Defendant. A state court is not *sui juris*, meaning it cannot sue or be sued. The capacity to sue or be sued in the United States District Courts is governed by Federal Civil Procedure Rule 17. Rule 17 instructs that the capacity to be sued of all other parties except individuals and corporations "shall be determined by the law of the state in which the district court is located...." FED. R. CIV. P. 17(b)(3). Therefore, this Court must look to the law of the State of Ohio to determine whether the Cuyahoga County Court of Common Pleas is an entity capable of being sued as a Defendant in this case. The Ohio Supreme Court has made it clear that, under the law of Ohio, an Ohio Common Pleas Court cannot sue or be sued in its own right in ordinary civil matters. *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St .2d 245, 248 (1976). The Cuyahoga County Court of Common Pleas is therefore not a proper party to this civil rights action. Plaintiff fails to state a claim against this Defendant as a matter of law. As no other Defendants are named in the Complaint, this action must be dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 28, 2020

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.